IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RENE CASTILLO | § | |
| VS. | § | CIVIL ACTION NO. 1:15-CV-53 |
| N. VASQUEZ, WARDEN | § | |

### MEMORANDUM OPINION AND ORDER REGARDING VENUE

Petitioner, a prisoner currently confined at FCI Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging detainers lodged with his custodian by State of Texas authorities as a result of indictments returned against him in Ellis County (Docket Nos. 0164504 & 0164504 - V), Frio County (Docket No. 0732147), and Zavala county (Docket No. 2009-09928).

To entertain a habeas petition, the court must have jurisdiction over the petitioner or the custodian. When a prisoner is confined in one state and challenges a detainer which has been lodged against him by another state, the prisoner is deemed to be "in custody" in the charging state by virtue of the detainer. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). "Under *Braden*, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as the respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 410 U.S. at 438.

In this case, petitioner is confined within the territorial jurisdiction of this court, but is challenging three detainers which have been lodged against him by State of Texas authorities. As a result, both this court and the United States District Courts for the Western District of Texas, San

Antonio Division, Western District of Texas, Del Rio Division, and Northern District of Texas, Dallas Division, where Ellis, Frio and Zavala counties are located respectively, have concurrent jurisdiction.

The Supreme Court in *Braden* addressed a similar situation and concluded that while the federal court in the district of confinement may exercise concurrent jurisdiction, the district of confinement will not ordinarily prove as convenient as the district court in the state (or district) which has lodged the detainer. *Braden*, 410 U.S. at 499, n. 15.

As all witnesses and evidence relating to petitioner's challenged detainers are located in three different divisions, the court is of the opinion that matters should be severed and transferred respectively to the federal court located in each district. It is, therefore,

ORDER

**ORDERED** that petitioner's complaints regarding Docket Nos. 0164504 and 0164504-V as they relate to indictments in Ellis County, Texas are **SEVERED** from this action and **TRANSFERRED** to the United States District Court for the Northern District, Dallas Division. It is, further,

**ORDERED** that petitioner's complaints regarding Docket No. 0732147 as it relates to an indictment in Frio County, Texas is are **SEVERED** from this action and **TRANSFERRED** to the United States District Court for the Western District of Texas, San Antonio Division. It is, finally,

**ORDERED** that the remaining complaints regarding Docket No. 2009-09928 as it relates to an indictment in Zavala County, Texas is **TRANSFERRED** to the United States District Court for the Western District of Texas, Del Rio Division.

**SIGNED** this the  27  day of         February        , 2015.


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE