IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE CASTILLO (# 02731-380), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-886-L-BN |
| N. VASQUEZ, WARDEN | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action as frivolous.

**Background**

Petitioner Rene Castillo, in the custody of the United States Bureau of Prisons ("BOP") at FCI – Beaumont, pursuant to a conviction in the Western District of Texas, has filed a 28 U.S.C. § 2241 petition, challenging detainers allegedly lodged against him by three Texas counties – Ellis County, Frio County, and Zavala County. *See* Dkt. No. 1. Castillo contends that the detainers violate the Interstate Agreement on Detainers Act (the "IADA"), 18 U.S.C. App. 2 § 1, *et al.*, *see* Dkt. No. 1 at 6, and that he has "properly filed [in each jurisdiction] the proper motion to request disposition of any

and all pending charges against him and more than 180 days have elapsed and [he] has not received a response nor has he been taken before the Court to dispose of the pending charges," *id.* at 7. In light of these claimed violations of the IADA, Castillo "requests that this [Court] dismiss the pending charges or in the alternative that he be taken to the aforementioned state courts to dispose of the pending charges which are affecting his present incarceration." *Id.* at 8; *see* 18 U.S.C. App. 2 § 2, art. III(a) ("Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State [including a penal or correctional institution of the United States], and whenever during the continuance of the term ... there is pending in any other party State any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer written notice of ... his request for a final disposition to be made of the indictment.").

Castillo filed his habeas action in the Beaumont Division of the Eastern District of Texas, the district and division in which he is incarcerated. *See* Dkt. No. 1. But, principally relying on *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), that court determined that, although jurisdiction over this action is concurrent there, in the Dallas Division of the Northern District of Texas, and in the Del Rio and San Antonio Divisions of the Western District of Texas, Castillo's claims should be served and transferred. *See* Dkt. No. 2 at 3 ("As all witnesses and evidence relating to petitioner's challenged detainers are located in three different divisions, the court is

-2-

of the opinion that matters should be severed and transferred respectively to the federal court located in each district.").

After Castillo's challenge to the Ellis County detainer(s) was transferred to this Court, the undersigned issued a questionnaire to gain additional information about the detainer(s), including "the date(s) [Castillo] sent motions to authorities in Ellis County, Texas and to whom those motions were addressed," and to allow Castillo to "[e]xplain exactly how the alleged violation of the Interstate Agreement on Detainers Act by authorities in Ellis County, Texas has affected or damaged [his] ability to get a fair trial." Dkt. No. 6 (respectively quoting Questions No. 2 and No. 3). It has been more than seven months since the Court issued the questionnaire, and Castillo has failed to respond or otherwise contact the Court.

For the reasons explained below, because Castillo has failed to allege a plausible constitutional violation related to a putative IADA violation, the undersigned concludes that his petition should be summarily dismissed.

## Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see, e.g., Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United

State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). Claims lack an arguable basis in law if they are grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

"The IADA is a contract between the United States and the states, including Texas, that have adopted it. Its purpose is 'to provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction.'" *Kirvin v. Stephens*, No. 3:12-cv-3267-B, 2014 WL 3401153, at *7 (N.D. Tex. July 10, 2014) (quoting *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993)); *see also Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). That said, "the IADA is a federal law subject to federal construction." *Kirvin*, 2014 WL 3401153, at *7 (citing *New York v. Hill*, 528 U.S. 110, 111 (2000)).

In the context of habeas relief, a federal court "should consider whether an alleged violation [of the IADA] affected or damaged a petitioner's ability to get a fair trial and whether it created the possibility that an innocent man was convicted and imprisoned." *Id.* at *8 (citing *Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998)).

Therefore, an IADA violation is cognizable under habeas relief "only where a petitioner demonstrates that the alleged violation is a 'fundamental defect' of a type that would lead to a 'miscarriage of justice'" *Id.* (quoting *Lara*, 141 F.3d at 242-43 (in turn quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994))); *see also Vasquez v. Warden, FCI Edgefield*, C/A No. 4:10-1449-RMG-TER, 2010 WL 4226149, at *2 (D.S.C. Sept. 27, 2010), *rec. adopted*, 2010 WL 4220544 (D.S.C. Oct. 20, 2010) ("[T]he Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief." (citing *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985); collecting cases)).

As to the Ellis County detainer(s), even if the Court accepts that the IADA somehow has been violated – which is all Castillo has alleged (although the Court, through the questionnaire, afforded him an opportunity to offer more information) – Castillo has not alleged a constitutional violation entitling him to habeas relief. *Cf. Kerr*, 757 F.3d at 607 ("Specifically, we hold that the violation of the 180-day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling Kerr to relief under § 2254, because Kerr has failed to show any prejudice arising out of the alleged violation. Nor does this case 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974))); *accord Lara*, 141 F.3d at 242-43.

**Recommendation**

The Court should summarily dismiss the petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 21, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE